UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WILLIS,

    Movant,

v.

    Case No. 1:15-cv-857

HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **OPINION**

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255. (ECF No. 1.) On January 31, 2017, the United States Court of Appeals for the Sixth Circuit granted Movant's motion for authorization to proceed with a second or successive § 2255 motion, in light of *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). (ECF No. 7.)   For the reasons that follow, Movant's § 2255 motion is denied.

### I.

On February 8, 2005, a grand jury returned an indictment for conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(iii); and distribution of cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). (*United States v. Willis*, No. 1:05-CR-18, ECF No. 25.) A superseding indictment added a felon-in-possession charge, in violation of 18 U.S.C. §§ 922(g)(1), 921(a), and 924(e). (*Id.* at ECF No. 148.) The Government dismissed the conspiracy charge by motion. (*Id.* at ECF Nos. 156, 159.) Movant went to trial, and a jury found him guilty on all three remaining charges. (*Id.* at ECF No.

176.) The Court sentenced Movant to 224 months in prison followed by six years of supervised release. (*Id.* at ECF No. 180.) Movant appealed, and the Sixth Circuit denied his appeal. Then, Movant filed a petition for a rehearing en banc. On August 2, 2007, the Sixth Circuit denied this petition. *United States v. Willis*, 232 F. App'x 527 (6th Cir. 2007). Movant filed a § 2255 petition on November 23, 2009 (*Willis v. United States*, No. 1:09-cv-1068, ECF No. 1), which the Court denied as time-barred (*id.* at ECF Nos. 9, 10, 11). On December 6, 2012, Movant sought leave to file a second or successive petition, which the Sixth Circuit denied. (ECF No. 10). On July 20, 2015, Movant filed the instant § 2255 motion (ECF No. 1), and the Sixth Circuit has authorized this Court to hear the successive § 2255 motion (ECF No. 7).

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

2

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

### III.

Although the Sixth Circuit authorized Movant's successive petition, this Court must make its own determination as to whether Movant has satisfied AEDPA's gate-keeping requirements. "AEDPA requires a district court to dismiss a claim in a second or successive application unless . . . the applicant 'shows' that the 'claim relies on a new rule of constitutional law, *made retroactive to cases on collateral review by the Supreme Court*, that was previously unavailable.'" *Tyler v. Cain*, 533 U.S. 656, 660-61 (quoting 28 U.S.C. § 2244(b)(2)(A)) (emphasis in original); *see also Goldblum v. Klein*, 510 F.3d 204, 219-20 (3d Cir. 2007) ("Congress did not intend that the court of appeals' preliminary authorization determine how a district court conduct its subsequent analysis."). This requirement is different from the one that applicants must satisfy in order to receive permission from the court of appeals to file a second or successive petition. *Id.* at 661 n.3. The court of appeals may authorize a successive filing if the applicant makes a *prima facie* showing that he satisfies the statutory standard. *Id.* To survive dismissal in district court, however, the applicant must actually *show* that the claim satisfies the standard. *Id.* (emphasis added).

Movant relies upon *Johnson v. United States*, 135 S. Ct. 2551 (2015), to argue that this Court improperly sentenced him under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA provides for a mandatory minimum sentence of 15 years for a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense." *Id.* The ACCA has defined violent felony as:

>  [A]ny crime punishable by imprisonment for a term exceeding one year . . . that–
>  (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>  (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* In *Johnson*, the Supreme Court held that the ACCA's residual clause violated due process. *Johnson*, 135 S. Ct. at 2557. Movant argues that, because the Court determined that one of his prior convictions was a violent felony under the residual clause, he is entitled to relief from judgment.

To satisfy his burden, Movant must show not only that he was sentenced using the residual clause, but also that the use of the clause made a difference in his sentence. *In re Moore*, 830 F.3d 1268, 1271-72 (11th Cir. 2016); *Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016). Although the Court sentenced Movant under the residual clause using a prior conviction of prison escape,[1] Movant cannot show that this actually affected his sentence because Movant also had a prior violent felony conviction for breaking and entering an occupied building.[2]

In *Taylor v. United States*, 495 U.S. 575, 591 (1990), the Supreme Court reviewed the meaning of the term "burglary" as used in the ACCA. The Court explained that a person has been convicted of burglary for the purposes of the § 924(e) enhancement if he "is convicted of any crime, regardless of exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* Subsequently, the Sixth Circuit explained, "[c]omparing the elements of [Michigan's breaking and entering statute] to the Supreme Court's definition of 'burglary' in *Taylor*, we conclude that defendant's convictions

---

[1] At the time of sentencing, Movant's escape conviction constituted a violent felony, so the pre-sentence report did not rely on Movant's earlier breaking and entering conviction to calculate his sentence. Later, the Sixth Circuit held that escape did not constitute a crime of violence under the residual clause. *United States v. Covington*, 738 F.3d 759, 767 (6th Cir. 2014).

[2] *Johnson* expressly left non-residual-clause portions of the ACCA intact, including the enumerated-offenses clause in the definition of "violent felony," which lists the offense of burglary. *Johnson*, 135 S. Ct. at 2563.

4

for breaking and entering of an occupied dwelling . . . qualify as 'burglary.'" *United States v. Fish*, 928 F.2d 185, 188 (6th Cir. 1991).

In 1988, Movant was convicted of breaking and entering an occupied dwelling in violation of Mich. Comp. Laws § 750.110. (ECF No. 10-1.) The statute at the time of Movant's conviction stated that "[a]ny person who breaks and enters any occupied dwelling house, with intent to commit any felony or larceny therein, shall be guilty of a felony punishable by imprisonment[.]" Mich. Comp. Laws 750.110. Thus, Movant's prior conviction qualifies as a burglary, which is an enumerated violent felony offense in the ACCA.[3]

Movant also has two prior convictions for possession with intent to distribute cocaine. (*United States v. Willis*, No. 1:05-cr-18, ECF No. 365, PageID.1783-1786.) The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance[.]" 28 U.S.C. § 924(e)(2)(A). Both of Movant's prior Michigan drug convictions qualify as a "serious drug offense" under the ACCA. As such, Movant has a prior violent felony conviction for burglary and two prior serious drug offense convictions. Although the Court initially sentenced Movant under the ACCA's residual clause for his escape conviction, Movant has failed to satisfy his burden of showing that the clause made a difference in his sentence. Movant has three predicate convictions under the ACCA, all of which were not affected by *Johnson*. Thus, the Court properly applied the ACCA's enhancements when calculating Movant's sentence.

Movant also argues that, in light of *Johnson*, the Court improperly calculated his Guidelines

---

[3]In *United States v. Ritchey*, 840 F.3d 310 (6th Cir. 2016), the Sixth Circuit held that Michigan's breaking and entering statute did not qualify as burglary under the ACCA; the court relied upon *Mathis v. United States*, 136 S. Ct. 2243 (2016), to reach its conclusion. But the *Ritchey* court reviewed a later, amended version of the statute than the one under which Movant was convicted. The later statute includes provisions that are broader than generic burglary. The statute Movant was sentenced under does not include those broader provisions at issue in *Ritchey*. Thus, it is consistent with generic burglary under *Mathis*, and *Fish* controls.

range under U.S.S.G. § 4B1.2(a).  In *Beckles v. United States*, __ U.S. ___, 2017 WL 855781 (Mar. 6, 2017), the Supreme Court held that the Guidelines, including § 4B1.2(a), are not subject to vagueness challenges.  Thus, Movant's claim is without merit.

### IV.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon his by this Court will be denied.  Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability.  To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467.  Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to his claim, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.


Dated:  March 9, 2017                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE